KINGS COUNTY LIGHTING COMPANY, Appellant, *v.* CHARLES D. NEWTON, as Attorney-General of the State of New York, and Others, Respondents.

First Department, July 14, 1922.

Gas and electricity — action to restrain enforcement and have declared unconstitutional chapter 604 of Laws of 1916, reducing price of gas to be charged by plaintiff — decision of United States Supreme Court in action instituted in Federal court holding said statute unconstitutional as confiscatory is binding — independent examination by Appellate Division shows such statute to be confiscatory.

In this action to restrain the enforcement of and have declared unconstitutional and void chapter 604 of the Laws of 1916, reducing the price that the plaintiff could charge for gas, it appears that a judgment was entered dismissing the complaint in which the Special Term held that the decision was without prejudice to reopen the case by appropriate proceedings if, after an adequate experimentation under the reduced price, plaintiff believed that it could prove that the rate was confiscatory; that thereafter an action was instituted in the United States District Court in which it was adjudged that the statute in question was unconstitutional and void as being in contravention to section 1 of the Fourteenth Amendment of the Constitution of the United States, and that

prior to the argument of the appeal herein the decree of the District Court was affirmed by the United States Supreme Court.

*Held*, that the result of the action in the United States District Court should be treated with the same force and effect as if the case in the Supreme Court of the State had been reopened, to show by actual experience that what was shown to be the probable result of the operation under the reduced rate was a fact, namely, that operating within the statutory rate was confiscatory.

The necessary conclusion follows that the act should be declared unconstitutional in its inception.

Furthermore, the question to be determined arose under the Federal Constitution, and hence is a Federal question and the decision of the Supreme Court of the United States is binding.

However, independent of that decision an examination of the evidence shows that sufficient was proved on the trial in this action to demonstrate that the act was unconstitutional and void and confiscatory.

APPEAL by the plaintiff, Kings County Lighting Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 29th day of March, 1920, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint, and also from an order entered in said clerk's office on the same day, denying plaintiff's motion to reopen the case to introduce evidence on the cost to plaintiff of manufacturing and distributing gas in the year 1919, and all relevant facts pertaining to the present and prospective cost of manufacturing and distributing gas.

*Ingraham, Sheehan & Moran* [*Samuel F. Moran* of counsel; *John D. Monroe* and *Robert H. Grimes* with him on the brief], for the appellant.

*Charles D. Newton, Attorney-General* [*Wilber W. Chambers* of counsel; *Clarence R. Cummings* with him on the brief], for the respondent Charles D. Newton, as Attorney-General, etc.

*Oliver C. Semple* of counsel [*Ledyard P. Hale*, attorney], for the respondent Public Service Commission.

*John P. O'Brien, Corporation Counsel* [*John P. O'Brien* of counsel; *James A. Donnelly* and *Judson Hyatt* with him on the brief], for the City of New York.

PAGE, J.:

This action was commenced, June 22, 1916, to restrain the enforcement of and have declared unconstitutional and void chapter 604 of the Laws of 1916, which amended chapter 125 of the Laws of 1906* and reduced the price which the plaintiff could charge its customers in the territory served by it from one dollar

---

* Amd. by Laws of 1917, chap. 666.— [REP.

to eighty cents per 1,000 cubic feet after July 1, 1916. The action was tried at Special Term, commencing October 10, 1918, the taking of testimony was concluded in April, 1919, the opinion of the court was handed down on January 27, 1920, and judgment dismissing the complaint was entered March 29, 1920. The appeal from this judgment was not brought on for hearing until November, 1921. In the meantime an action was brought for the same relief in the United States District Court in June, 1920, and an interlocutory injunction was granted restraining the enforcement of the act, under section 266 of the United States Judicial Code (36 U. S. Stat. at Large, 1162, as amd. by 37 id. 1013, chap. 160) by Judges WARD, MAYER and KNOX. On October 20, 1920, a final decree was made and entered in said action adjudging the act of 1906, as amended by the act of 1916, in so far as it related to this plaintiff, unconstitutional and void as being in contravention of section 1 of the Fourteenth Amendment to the Constitution of the United States. This decree was entered on the opinion of Judge HOUGH. (*Kings County Lighting Co.* v. *Nixon,* 268 Fed. Rep. 143.) On appeal to the United States Supreme Court the decree was affirmed March 6, 1922. (66 L. ed. ——; U. S. Sup. Ct. Adv. Ops. 1921–22, p. 309; 42 Sup. Ct. Rep. ——; Adv. Sheets, No. 10, p. 268; officially reported, *sub nom. Newton* v. *Kings County Lighting Co.,* 258 U. S. 180.)

The opinion of the learned justice at Special Term (*sub nom. Kings County Lighting Co.* v. *Lewis,* 110 Misc. Rep. 204–250) shows a steadily rising cost of production, in men and prices for all the commodities that were used in the manufacture of gas and the cost of labor, until in 1918 the point was passed where income exceeded cost. But the court regarded the times as abnormal and concludes, " The government in granting a franchise to a public service corporation does not guarantee a profit at every moment of the corporation's activities. All that such a corporation is entitled to is protection against inadequate returns upon its investment which are likely to continue for such a length of time as would result in the impairment of a very substantial portion thereof, or a deprivation of an adequate return upon its capital." The opinion closes with the statement: " without prejudice, however, to reopen the case by appropriate proceedings if, after an adequate experimentation under an eighty-cent rate, it believes that it can prove that this rate is confiscatory as to it." In commenting on this judgment and the contention that it was a bar to the prosecution of this action in the United States District Court, that court said: " The judgment entered in the Supreme Court of the State on March 29, 1920, concluded nothing except matters which became history with the end of 1918. By its

specific terms it left further occurrences open for future litigation, and this is the further litigation." (*Kings County Lighting Co.* v. *Nixon, supra,* 148.)  In my opinion we should treat the result of the action in the United States District Court with the same force and effect as if the case in the Supreme Court of the State had been reopened that it might be shown by actual experience that what was shown to be the probable result of operation under the eighty-cent gas rate was a fact, viz., that operating within the statutory rate not alone was no adequate return made on capital invested in the business, but that actually no return at all was made and that capital was being depleted.  The necessary conclusion follows that the act should be declared unconstitutional in its inception.  We must also bear in mind that the question to be determined arises under the Federal Constitution, and hence is a Federal question, and the final court of review not alone of the decree of the United States District Court but also of the judgment of the Supreme Court of the State of New York, is the Supreme Court of the United States, and that court has affirmed the decree of the District Court.  If our opinion differed from its determination, we should accept its decision.  But from an independent examination, our judgment is that sufficient had been proved on the trial in this action to demonstrate that the act of 1916, in reducing the price of gas in the district served by the plaintiff, was unconstitutional. The Public Service Commission has the power to fix the price that the company may charge for gas (Pub. Serv. Comm. Law, §§ 72, 66, subds. 5, 12, as amd. by Laws of 1920, chap. 542, and Laws of 1921, chap. 134); in the proceedings the Commission will ascertain the necessary components for a decision as to what would be a fair and reasonable rate.  We are of opinion that an extended review of the evidence is not necessary at this time.  If the parties feel that it is necessary to make new findings of fact to sustain the judgment they may be embodied in the order to be settled herein.

The judgment and findings so far as inconsistent with our decision should be reversed, the order appealed from affirmed, and judgment directed for the plaintiff, declaring the provisions of chapter 604 of the Laws of 1916, amending chapter 125 of the Laws of 1906, in so far as they apply to the plaintiff, unconstitutional and void, with costs to the appellant in this court and the Supreme Court.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur.

Judgment reversed, order affirmed, and judgment directed for plaintiff as stated in opinion, with costs to appellant in this court and in the Supreme Court.  Settle order on notice.